**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**RUSSELL PATRICK and
MONA PATRICK**,

     Plaintiffs,

v.                                           **CIVIL ACTION NO. 3:12-CV-39
(JUDGE GROH)**

**PHH MORTGAGE CORPORATION,**

     Defendant.

## <u>MEMORANDUM OPINION AND ORDER AFFIRMING JUDGE SEIBERT'S ORDERS AND OVERRULING DEFENDANT'S OBJECTIONS</u>

### I. Introduction

Pending before this Court are Defendant's Objections to Judge Seibert's two discovery orders.  On September 27, 2013, Plaintiffs filed their Motion to Compel [Doc. 103].  On October 31, 2013, Magistrate Judge Seibert entered a written order confirming his pronounced order at an October 25, 2013 hearing on Plaintiffs' Motion to Compel wherein he ordered Defendant to re-answer Plaintiffs' First Set of Interrogatories and Requests for Production of Documents.  On November 14, 2013, Defendant filed its objections.  On December 12, 2013, Magistrate Judge Seibert entered an order granting in part and denying in part Plaintiffs' Motion to Compel.  On December 26, 2013, Defendant filed its objections to the December 12, 2013 Order. Accordingly, this matter is ripe for this Court's review.

### II. Background

On March 6, 2012, Plaintiffs filed their Complaint in the Circuit Court of Jefferson

County, West Virginia alleging that Defendant PHH Mortgage Corporation ("PHH") violated the West Virginia Consumer Credit and Protection Act § 46A-2-101 *et seq.* ("WVCCPA") and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* On April 27, 2012, the defendants removed the case to the Northern District of West Virginia at Martinsburg pursuant to 28 U.S.C. §§ 1441 and 1446.

Plaintiffs later amended their complaint two times to add claims for violations of the FDCPA, tortious interference with contractual relations, trespass, fraud, and breach of contract. On December 10, 2012, Defendant filed a Motion to Dismiss Plaintiffs' Third Amended Complaint. On March 27, 2012, this Court entered a Memorandum Opinion and Order granting in part and denying in part Defendant's motion. This Court denied Defendant's Motion to Dismiss nine claims under the WVCCPA, a breach of contract claim, a tortious interference with contract claim, and a tort of trespass claim.

Thereafter, the parties engaged in discovery. On September 27, 2013, Plaintiffs filed the instant motion to compel.

### III. Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on nondispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a); see 28 U.S.C. § 636(b)(1)(A). As a non-dispositive matter, the review of a magistrate judge's discovery order is governed by the "clearly erroneous" or "contrary to law" standard of review. Id.

Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision. Id. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the

2

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see also Harman v. Levin, 772 F.2d 1150, 1152 (4th Cir. 1985).  "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused."  Shoop v. Hott, 2010 WL 5067567, *2 (N.D.W. Va. Dec. 6, 2010) (citing Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D.N.Y. 1982)).

## IV.  Discussion

In reviewing Plaintiffs' Motion to Compel, this Court has before it two separate orders from Magistrate Judge Seibert and Defendant's corresponding objections.  The Court reviews each of Defendant's objections below.

### 1.     Objection to Magistrate Judge Seibert's October 31, 2013 Order

On October 31, 2013, Magistrate Judge Seibert entered a written order confirming his pronounced order at an October 25, 2013 hearing on Plaintiffs' Motion to Compel.  Magistrate Judge Seibert found that Defendant's general objections to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents constituted intentional and willful violations of the Federal Rules of Civil Procedure.  As a result, Magistrate Judge Seibert ordered Defendant, within seven days of the October 25, 2013 hearing, to re-answer Plaintiffs' First Set of Interrogatories and Requests for Production of Documents.

On November 14, 2013, Defendant filed an objection to Magistrate Judge Seibert's written order.  Defendant objected to Magistrate Judge Seibert's finding that

Defendant's general objections constituted intentional and willful violations of the Federal Rules of Civil Procedure.  Defendant argues that it fully complied with the Federal Rules of Civil Procedure because its objections were specific and relevant to each interrogatory or request for production of documents.

Federal Rule of Civil Procedure 34(b)(2) provides that a party objecting to a request for production of documents must "state an objection to the request, including the reason."  Additionally, "[a]n objection to part of a request must specify the part and permit inspection of the rest."  Federal Rule of Civil Procedure 33(b)(4) provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity."

An objection to requested discovery may not be made until after a lawyer has "paused and consider[e]d" whether, based on a "reasonable inquiry," there is a "factual basis [for the] . . . objection."  Fed. R. Civ. P. 26(g) advisory committee's notes to the 1983 amendments.  Generalized objections are highly disfavored in the Fourth Circuit. See Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238 (E.D.N.C. 2010) (mere recitation of the familiar litany that a request is overly broad, burdensome, oppressive, and irrelevant does not constitute a specific objection); Hager v. Graham, 267 F.R.D. 486, 492 (N.D.W. Va. 2010) ("General objections to discovery, without more, do not satisfy the burden of the responding party under the Federal Rules of Civil Procedure to justify objections to discovery because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."); Mills v. East Gulf Coast Preparation Co., LLC, 259 F.R.D. 118, 132 (S.D.W. Va. 2009) ("boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."); Mancia

v. Mayflower Textile Servs. Co., 253 F.R.D. 354 (D. Md. 2008) (court disapproves of a general objection asserted "to the extent" that it applies); Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc., 246 F.R.D. 522, 530-31 (S.D.W. Va. 2007) (finding that boilerplate objections to defendant's requests for production of documents, which indicated simply that requests were overbroad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence, did not comply with the rule, which required specific objections).

Upon reviewing this case, the Court finds Magistrate Judge Seibert did not clearly err in finding that Defendant's general objections constituted "intentional and willful violations of the Federal Rules of Civil Procedure."  Although Defendant fully defined its general objections over a seven-page span, Defendant merely cited a general objection in its answers to Plaintiffs' interrogatories rather than state with specificity how the cited general objection applied to the individual interrogatory.  As a result, Magistrate Judge Seibert was unable to evaluate the merits of Defendant's general objections as applied to each interrogatory or request for production of documents.  Indeed, when Defendant references a general objection without providing analysis on how that general objection specifically applies to the individual interrogatory, then the Court is left with no guidance in resolving the discovery dispute and the purpose of discovery is frustrated.  See Nesselrodte v. Underground Casino & Lounge, LLC, Civil Action No. 3:11-CV-92, 2012 WL 4378168, *4 (N.D.W. Va. Sept. 25, 2012). Accordingly, Defendant's objection is **OVERRULED**.

5

2.      **Objections to Magistrate Judge Seibert's December 12, 2013 Order**

On December 12, 2013, Magistrate Judge Seibert entered an order, after holding an evidentiary hearing on the matter, that granted in part and denied in part Plaintiffs' Motion to Compel.  Magistrate Judge Seibert found that the motion to compel should be granted in part "because the discovery sought is reasonably calculated to lead to the discovery of admissible evidence, and no valid claims of burden, over-broadness, or privilege have been advanced by Defendant."  However, Magistrate Judge Seibert limited the time period of all requests to January 1, 2010 to November 9, 2012, with the exception of Plaintiffs' Request for Production Number 4.

Defendant makes three objections to Magistrate Judge Seibert's Order granting in part and denying in part Plaintiffs' Motion to Compel.  The Court addresses each of Defendant's objections below.

a.      **Timeliness of Plaintiffs' Motion to Compel**

Defendant argues that Magistrate Judge Seibert erred by failing to deny Plaintiffs' Motion to Compel as untimely.  Defendant contends that Local Rule of Civil Procedure 37.02(b) mandates that motions to compel are waived if not filed within thirty days after the discovery response or disclosure statement was due.  Defendant argues that Magistrate Judge Seibert failed to properly apply Local Rule of Civil Procedure 37.02(b) because he determined that any delay on the part of the Plaintiffs was excusable due to PHH's counsel assurance that further supplementation would be forthcoming rather than applying the parties' stipulation that Plaintiffs must file any motion to compel by August 30, 2013.

Federal Rule of Civil Procedure 37(a) provides that "a party may move for an

6

order compelling disclosure or discovery."  Local Rule of Civil Procedure 37.02(b)

provides that a motion to compel discovery is waived "if it is not filed within thirty (30)

days after the discovery response . . . was due, which date is determined in accordance

with a rule or by mutual agreement among the parties, unless such failure to file the

motion was caused by excusable neglect or by some action of the non-moving party."

Response to interrogatories and requests for production are due within thirty days of

service unless the parties or the court stipulate to a different due date.  Fed. R. Civ. P.

33(b)(2); Fed. R. Civ. P. 34(b)(2).  In determining the timeliness of a motion to compel,

the Court has discretion to examine the surrounding circumstances.  Ayers v.

Continental Cas. Co., 240 F.R.D. 216, 225 (N.D.W. Va. 2007) (stating the "Court has

discretion to weigh the excuse offered by a party failing to timely file his motion to

compel in order to avoid strict application of the Rule"); Kidwiler v. Progressive

Paloverde Ins. Co., 192 F.R.D 193 (N.D.W. Va. 2000) (finding motion to compel was

timely filed even though it was after the deadline because opposing counsel indicated

that a response would be forthcoming).

     In this case, Plaintiffs served their First Set of Interrogatories and Requests for

Production on May 10, 2013.  On June 7, 2013, at the request of Defendant's counsel,

the parties filed a joint stipulation extending the response deadline to June 24, 2013.

Again, on June 24, 2013, at the request of Defendant's counsel, the parties filed a

second joint stipulation extending Defendant's response deadline to July 9, 2013.  On

July 8, 2013, at the request of Defendant's counsel, the parties filed a third joint

stipulation extending Defendant's response deadline to July 16, 2013.

     Finally, on July 16, 2013, Defendant served its objections, answers, and

responses to Plaintiffs' first set of interrogatories and requests for production of documents.  Pursuant to the Local Rules of Civil Procedure, Plaintiffs were required to file their motion to compel by August 19, 2013.  However, the parties filed a joint stipulation extending the deadline to file a motion to compel to August 30, 2013.

Thereafter, as found by Magistrate Judge Seibert, several e-mail exchanges occurred between Plaintiffs' counsel and Defendant's counsel wherein Defendant's counsel indicated that he would be supplementing his responses after the August 19, 2013 deadline.  Indeed, Defendant's counsel supplemented his responses on August 30, 2013 and on September 9, 2013, which was *after* the August 30, 2013 stipulated deadline to file a motion to compel.  After receiving Defendant's September 9, 2013 supplemental answers, Plaintiffs asked Defendants for more complete answers and Defendant's counsel stated additional supplementation would be forthcoming.  However, Defendant's counsel did not file any additional supplemental answers or responses, and Defendant's counsel failed to respond to an e-mail sent by Plaintiffs' counsel on September 24, 2013 asking if any more documents would be produced.  Therefore, Plaintiffs' counsel filed this motion to compel on September 27, 2013.

Upon reviewing the entire record and evidence, Magistrate Judge Seibert did not clearly err in finding that any delay in Plaintiffs' counsel filing the motion to compel was the direct result of Defendant's repeated assurances that he would provide additional documentation and supplemental responses.  Accordingly, Defendant's objection is **OVERRULED**.

### b.        Production of PHH Employees' Home Addresses

Defendant objects to Magistrate Judge Seibert's order requiring PHH to provide the "names, addresses, job titles of all employees, past and present, supervisory and non-supervisory, who communicated with the Plaintiffs, either directly or indirectly, from January 1, 2010 to present date" on the basis of invasion of privacy.  On December 19, 2013, PHH provided home addresses of numerous PHH employees.

Magistrate Judge Seibert found that Defendant's privacy objections lacked merit. Magistrate Judge Seibert relied on Federal Rule of Civil Procedure 26(b)(1) for the proposition that the "identity and *location* of persons who know of any discoverable matter" is discoverable.  Fed. R. Civ. P. 26(b)(1) (emphasis added).  In regards to the scope of proper discovery, the Court finds Magistrate Judge Seibert did not clearly err in ordering that the home addresses of PHH employees be disclosed.  Federal Rule of Civil Procedure 26(b)(1) clearly states:

> [T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

Indeed, although Defendant has privacy concerns regarding the disclosure of employees' home addresses, an Agreed Protective Order is in place that labels "personal information such as home addresses and telephone numbers" as confidential and limits their use and transmission in accordance with the terms of the Agreed Protective Order.  Accordingly, the Court finds that Magistrate Judge Seibert did not clearly err in ordering the disclosure of employees' home addresses, and Defendant's objection is **OVERRULED**.

### c.     Disclosure of Plaintiffs' Entire Mortgage Loan File

Defendant objects to Magistrate Judge Seibert's order compelling disclosure of Plaintiffs' entire mortgage loan file because Defendant argues it is not relevant to Plaintiffs' claim.  Defendant contends that Plaintiffs allege a breach of the Note and Deed of Trust in August 2012.  Defendant argues that disclosure of the entire file, rather than disclosure of the file for the time period relevant to Plaintiffs' claim, results in a fishing expedition to find new instances of wrongdoing beyond the claims already alleged.

Unless limited by a court order, parties in civil litigation enjoy broad discovery as detailed in Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who knows of any discoverable matter . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  "[T]he discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507y (1947)).  The discovery sought must be "relevant"; however, it need not be admissible at the trial if the discovery appears reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1).  To be "relevant information," the information sought must be "any matter that bears on, or that *reasonably could lead to other matter that could bear on*, any issues that is or *may be* in the case." Hickman, 329 U.S. at 501 (emphasis added).

10

Defendant argues that disclosure of the entire mortgage file is not "relevant to the claim or defense of any party." See Fed. R. Civ. P. 26(b)(1).  However, the Court finds that Magistrate Judge Seibert did not clearly err in holding that Plaintiffs' entire mortgage account file is relevant.  First, the disclosure of the entire mortgage file is relevant to Plaintiffs' alleged breach of contract claim, which derives from their mortgage note and the subsequent modification of their loan.  Therefore, although the entire mortgage account file may not be admissible at trial, the information is relevant because it "appears reasonably calculated to lead to the discovery of admissible evidence." Id. Second, Defendant's argument that disclosure of the mortgage account file results in a fishing expedition is inapposite.  Indeed, Plaintiffs are attempting to discover additional facts about their well-pleaded breach of contract claim.  They are not attempting to determine whether a breach of contract claim exists.  Accordingly, Defendant's objection is **OVERRULED**.

## V.  Conclusion

Accordingly, Defendant's Objections are **OVERRULED** and Magistrate Judge Seibert's October 31, 2013 Order and December 12, 2013 Order are **AFFIRMED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and any *pro se* parties herein.

**DATED**: January 27, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE

11